J-S27019-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES MEADOWS | : | |
| | : | |
| Appellant | : | No. 2513 EDA 2025 |

Appeal from the Judgment of Sentence Entered August 6, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0003129-2025

BEFORE:  BOWES, J., OLSON, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 12, 2026**

Appellant, James Meadows, appeals from the judgment of sentence entered on August 6, 2025.  We vacate and remand.

As the trial court explained:

On August 30, 2024, Appellant was arrested and charged with [simple assault, aggravated assault, recklessly endangering another person ("REAP"), terroristic threats, and possessing an instrument of crime ("PIC")].

On April 28, 2025, Appellant was found guilty in the Municipal Court of Philadelphia of [the misdemeanor crime of] simple assault and sentenced to a term of [12] months of probation.[1]   The charges of aggravated assault were dismissed, and Appellant was found not guilty of PIC, REAP, and terroristic threats.  . . .

On April 30, 2025, Appellant filed [an] appeal from the Municipal Court's judgment of sentence.  The matter was

_____

[1] 18 Pa.C.S.A. § 2701(a).

listed for a *de novo* waiver trial before [the trial] court on August 6, 2025. Despite receiving proper notice, Appellant failed to appear at the listed court date. The [trial] court placed the matter on hold because the complainant and Appellant were not present, and indicated that it would recall it at 9:25 a.m. When the case was recalled, the complainant was present, but Appellant was not. Accordingly, the [trial] court dismissed the [] appeal and [entered judgment in the Court of Common Pleas on the judgment of the Municipal Court judge. *See* Pa.R.Crim.P. 1010(B).]

Trial Court Opinion, 11/19/25, at 1-2 (footnotes and some capitalization omitted).

Appellant filed a timely post-sentence motion, where he claimed that he had good cause for his unexcused absence, as "he had car trouble and was forced to find alternative means to arrive at court." Appellant's Post-Sentence Motion, 8/11/25, at 2. The trial court denied Appellant's post-sentence motion on August 27, 2025, without holding a hearing, and Appellant filed a timely notice of appeal. *See* Trial Court Order, 8/27/25, at 1. He raises one claim to this Court:

Did the [trial] court abuse its discretion or commit an error of law by dismissing [Appellant's] *de novo* appeal and reinstating his municipal court judgment of sentence by not waiting and dismissing the case approximately [25] minutes after the scheduled court hearing time, where there were still multiple matters to status an address [*sic*], and the [trial] court did not give opportunity to address [Appellant's] slight tardiness?

Appellant's Brief at 3.

In relevant part, Pennsylvania Rule of Criminal Procedure 1010 provides:[2]

> Rule 1010. Procedures for Trial *De Novo*
>
> (A) When a defendant appeals after conviction by a Municipal Court judge,
>
> > (1) in a non-traffic summary case, upon the filing of the transcript and other papers, the case shall be heard *de novo* by the judge of the Court of Common Pleas sitting without a jury.
> >
> > (2) In a Municipal Court case,[3] the attorney for the Commonwealth, upon receiving the notice of appeal, shall prepare an information and the matter shall thereafter be treated in the same manner as any other court case.
>
> (B) If the defendant fails to appear for the trial *de novo*, the Common Pleas Court judge may dismiss the appeal and

---

[2] The case at bar arises out of the Philadelphia Municipal Court and is, thus, governed by Chapter 10 of the Pennsylvania Rules of Criminal Procedure. **See** Pa.R.Crim.P. 1000 ("[t]he rules in [Chapter 10] govern all proceedings in the Philadelphia Municipal Court, including summary cases; Municipal Court cases, as defined in Rule 1001(A); [and,] the filing of appeals from Municipal Court cases").

[3] Pennsylvania Rule of Criminal Procedure 1001(A) defines a "Municipal Court case" as "any case in which the only offense or offenses charged are misdemeanors under the Crimes Code or other statutory criminal offenses for which no prison term may be imposed or which is punishable by a term of imprisonment of not more than 5 years." Pa.R.Crim.P. 1001(A). Moreover, Pennsylvania Rule of Criminal Procedure 1006(A)(1)(a) clarifies that, following a conviction in Philadelphia Municipal Court, the defendant has "the right . . . to appeal for trial *de novo*" to the Philadelphia Court of Common Pleas. **See** Pa.R.Crim.P. 1006(A)(1)(a); **see also** 42 Pa.C.S.A. § 1123(a)(2) (declaring that, in a Municipal Court case, the defendant "shall have the right of appeal for trial *de novo*, including the right of trial by jury, to the court of common pleas").

> thereafter shall enter judgment in the Court of Common Pleas
> on the judgment of the Municipal Court judge.

Pa.R.Crim.P. 1010.

The comment to Rule 1010 declares: "Paragraph (B) makes it clear that the Common Pleas Court judge may dismiss an appeal when the judge determines that the defendant is **absent without cause** from the trial *de novo*. If the appeal is dismissed, the Common Pleas Court judge must enter judgment and order execution of any sentence imposed by the Municipal Court judge." Pa.R.Crim.P. 1010 cmt. (emphasis added).

"Therefore, before [an] appeal may be dismissed for failure to appear, the trial court must ascertain whether the absentee defendant had adequate cause for his absence." ***Commonwealth v. Dixon***, 66 A.3d 794, 796 (Pa. Super. 2013).[4] "In the event that good cause is established, the defendant is entitled to a new [] trial." ***Id.***

_____

[4] ***Dixon*** interpreted Pennsylvania Rule of Criminal Procedure 462, which is the general, statewide rule for trial *de novo* following "entry of a guilty plea or a conviction by an issuing authority in any summary proceeding." ***See*** Pa.R.Crim.P. 462(A). Nevertheless, the relevant language of Rules 462 and 1010, as well as the relevant comments to the rules, are substantively identical. ***Compare*** Pa.R.Crim.P. 1010(B) ("If the defendant fails to appear for the trial *de novo*, the Common Pleas Court judge may dismiss the appeal and thereafter shall enter judgment in the Court of Common Pleas on the judgment of the Municipal Court judge"), ***with*** Pa.R.Crim.P. 462(D) ("If the defendant fails to appear [for the trial *de novo*], the trial judge may dismiss the appeal and enter judgment in the court of common pleas on the judgment of the issuing authority"); ***compare*** Pa.R.Crim.P. 1010 cmt. ("Paragraph (B) makes it clear that the Common Pleas Court judge may dismiss an appeal when the judge determines that the defendant is **absent without cause** from the trial *de novo*") (emphasis added), ***with*** Pa.R.Crim.P. 462 cmt. ("Paragraph (D) makes it clear that the trial judge may dismiss a summary case appeal

*(Footnote Continued Next Page)*

In the case at bar, Appellant filed a post-sentence motion, where he averred that he had good cause for his unexcused absence, as "he had car trouble and was forced to find alternative means to arrive at court." Appellant's Post-Sentence Motion, 8/11/25, at 2. The trial court, however, denied Appellant's post-sentence motion without holding a hearing and, thus, failed to "ascertain whether the absentee [Appellant] had adequate cause for his absence." ***See Dixon***, 66 A.3d at 796; ***see also Commonwealth v. Marizzaldi***, 814 A.2d 249 (Pa. Super. 2002) (holding: the defendant's averment that "he was delayed because he missed the bus and that he waited

_____

when the judge determines that the defendant is **absent without cause** from the trial *de novo*") (emphasis added). Therefore, relevant precedent interpreting Rule 462 binds our interpretation of Rule 1010.

We note that Rule 462 concerns trial *de novo* following "entry of a guilty plea or a conviction by an issuing authority **in any summary proceeding**" – and that Pennsylvania Rule of Criminal Procedure 720(D) prohibits post-sentence motions "**in summary case appeals** following a trial *de novo* in the court of common pleas." ***See*** Pa.R.Crim.P. 462(A) (emphasis added); ***see also*** Pa.R.Crim.P. 720(D) (emphasis added). In the case at bar, however, Appellant was convicted of the **misdemeanor** crime of simple assault and the case proceeded in accordance with the specialized rules for proceedings in the Philadelphia Municipal Court. ***See*** Pa.R.Crim.P. 1000(A); ***see also*** Pa.R.Crim.P. 1010(A)(2) (stating the procedures for a "Municipal Court case"). Moreover, as Appellant was charged with and convicted of a misdemeanor, Rule 720(D)'s prohibition of post-sentence motions in "summary case appeals" did not apply to Appellant's case and Appellant was permitted to file his post-sentence motion. ***See*** Pa.R.Crim.P. 720(A) ("[e]xcept as provided in paragraph[] . . . (D), a written post-sentence motion shall be filed no later than 10 days after imposition of sentence); ***see also*** Pa.R.Crim.P. 1000(B) ("[a]ny procedure that is governed by a statewide Rule of Criminal Procedure that is not specifically covered in Chapter 10 or by a Philadelphia local rule authorized by these rules and adopted pursuant to Rule 105 shall be governed by the relevant statewide rule").

for the next available one, which arrived in the City of Pittsburgh a few minutes after his hearing was scheduled to begin" constituted a *prima facie* averment of "good cause" for the defendant's unexcused absence at his trial *de novo*); **Commonwealth v. Doleno**, 594 A.2d 341 (Pa. Super. 1991) (holding: the defendant demonstrated good cause for his absence from the trial *de novo* where his attorney told him the wrong date for trial).

Respectfully, we agree with Appellant and the Commonwealth[5] and conclude that the trial court erred as a matter of law when it failed to hold a hearing to "ascertain whether the absentee [Appellant] had adequate cause for his absence." **See Dixon**, 66 A.3d at 796. Therefore, we must vacate the trial court's order of August 27, 2025, which denied Appellant's post-sentence motion, and remand the case, to enable the trial court to conduct an evidentiary hearing and determine whether Appellant "had adequate cause for his absence."

Order of August 27, 2025 denying the post-sentence motion vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/12/2026

_____

[5] We commend the Commonwealth for its candor in this case.